UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE


KEVEN MICHAEL YERKES            )
                                )
v.                              )    Nos.: 2:13-cv-146; 2:11-cr-97
                                )    *Judge Greer*
UNITED STATES OF AMERICA         )


## MEMORANDUM

This is a *pro se* motion to vacate, set aside or correct sentence brought under 28 U.S.C

§ 2255.  According to the face of the motion, Petitioner Kevin Michael Yerkes, Prisoner

Number 44427-074, was convicted, pursuant to his guilty plea, of violating 18 U.S.C. § 846,

by conspiring to distribute narcotics (Oxycodone);18 U.S.C. § 841, by selling, distributing or

dispensing narcotics (Oxycodone); and 18 § 922(g), by the unlawful transportation of

firearms.  For these convictions, he was sentenced, on August 17, 2012, to one-hundred and

seventy (170) months imprisonment.  Petitioner filed a direct appeal, which is presently

pending before the United States Court of Appeals for the Sixth Circuit.  *See United States*

*v. Yerkes*, Docket No. 12-6024 (6th Cir. filed Aug. 31, 2012), available at

https://ecf.ca6.uscourts.gov/cmecf/servlet/TransportRoom?servlet=CaseSummary.jsp&cas

eNum=12-6024&incOrigDkt=Y&incDktEntries=Y, (last visited on June 14, 2013).

A defendant who has a direct appeal pending may not maintain a 28 U.S.C. § 2255

action, absent extraordinary circumstances.  *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th

Cir.1998) (adopting the rule that, in the absence of extraordinary circumstances, a district

court is precluded from considering a § 2255 application during the pendency of a direct appeal).

Petitioner has presented no extraordinary circumstances that would cause the Court to entertain this motion. (Indeed, his only claims seem to be that he had ineffective assistance of counsel from his trial attorney and the one who is representing him in his pending appeal, which, assuredly, does not constitute an exceptional circumstance. The Court notes, however, that counsel has filed a motion to withdraw from the representation due to the allegations of ineffective assistance lodged against her in the instant § 2255 motion. *See United States v. Yerkes*, Docket No. 12-6024, Doc. # 006111704151, filed on May 29, 2013.)

Accordingly, petitioner's § 2255 motion will be **DISMISSED** without prejudice.

Lastly, the Court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right because jurists of reason would not debate the correctness of the procedural ruling disposing of this motion. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, petitioner will be **DENIED** issuance of a certificate of appealability. Rule 22(b) of the Federal Rules of Appellate Procedure.

A separate order will enter.


**ENTER**:


s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE